UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATHIAS DOUGLAS KANE,<br><br>Defendant. | NO. CR20-5271 BHS<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Tessa M. Gorman, Acting United States Attorney for the Western District of Washington, and Todd Greenberg, Assistant United States Attorney for said District, Defendant, MATHIAS DOUGLAS KANE, and his attorney, Nicholas Vitek, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):

**1.     The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charge contained in the Indictment:

*Interstate Threats*, as charged in Count 3, in violation of Title 18, United States Code, Section 875(c);

By entering the plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his plea of

guilty, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2.    **Elements of the Offense.** The elements of the offense of *Interstate Threats*, in violation of Title 18, United States Code, Section 875(c), are as follows:

> First, the defendant knowingly and willfully transmitted a communication containing a threat to injure the person of another;
>
> Second, the communication was transmitted in interstate commerce;
>
> Third, the defendant intended that the communication be taken as a threat; and
>
> Fourth, under the circumstances in which the threat was made, a reasonable person would foresee that it would be understood by persons hearing or reading it as a serious expression of an intention to injure the person of another.

3.    **The Penalties.** Defendant understands that the statutory penalties for the offense of *Interstate Threats*, in violation of Title 18, United States Code, Section 875(c), are as follows: imprisonment for up to five (5) years, a fine of up to two hundred and fifty thousand dollars ($250,000.00), a period of supervision following release from prison of up to three (3) years, and a special assessment of one hundred dollars ($100.00). If Defendant receives a sentence of probation, the probationary period could be up to five (5) years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that in addition to any term of imprisonment and/or fine that is imposed, the Court may order him to pay restitution to any victim of the offense, as required by law.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

**4.     Rights Waived by Pleading Guilty.**  Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

   a.   The right to plead not guilty and to persist in a plea of not guilty;

   b.   The right to a speedy and public trial before a jury of his peers;

   c.   The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for him;

   d.   The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e.   The right to confront and cross-examine witnesses against Defendant at trial;

   f.   The right to compel or subpoena witnesses to appear on his behalf at trial;

   g.   The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

   h.   The right to appeal a finding of guilt or any pretrial rulings.

**5.     United States Sentencing Guidelines.**  Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to

afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.  Accordingly, Defendant understands and acknowledges that:

    a.    The Court will determine the applicable Sentencing Guidelines range at the time of sentencing;

    b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law; and

    c.    Except as provided in the paragraph containing the stipulation of the parties pertaining to sentencing, Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

**6.**    **Ultimate Sentence.**  Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

**7.**    **Statement of Facts.**  The parties agree on the following facts.  Defendant admits he is guilty of the charged offense.

> During January 2020, Mathias Douglas Kane made numerous online statements referring to BS.  Kane's online statements were postings made over the online platform www.bitchute.com through its commenting platform run through Disqus.  Disqus is a worldwide blog comment hosting service for web sites and online communities that uses a networked platform.  Disqus allows users to post publicly viewable comments associated with online videos, news articles, and the like.  Kane's postings on Disqus were made under the username of "AshkeNAZI."
>
> Kane's online statements about BS were related to the role he perceived she played in a custody/dependency proceeding involving Kane's daughter. Many of Kane's statements also related to his perception that BS was Jewish.

On January 12, 2020, Kane posted on the website Bitchute a video entitled, "My Missing Child." In this video, Kane claimed that BS "kidnapped" his daughter. Kane also specified that BS was Jewish and discussed the Jewish roots of her surname. During the video, Kane doxxed BS by filming the screen of his smartphone showing BS's full name, cell and home phone numbers, and home address.

On January 12, 2020, Kane further posted: "LEO CPS and especially this fucking cunt [BS] are all involved in KIDNAPPING my kid and trying to pass it off as she is a runaway! its all very illegal!!! This will not end well for anybody, i am a very patient man, but my patience is running out, i wont feel a thing when i finally see red. I have called the State Attorney Generals office and left my name and number if they dont call back Monday morning i will call them after noon if they dont help, i will handle this myself and it wont be pretty."

On January 20, 2020, Kane again doxxed BS by posting her home address and phone number, and made the following statements: "They are deathly afraid of me i stare at them in court with the eyes of hell and they cant stand to look more than a few seconds before they look away. I do show full restraint they provoke and WANT ME TO REACT! that's the only way they can win is if i do! I am smarter than that now i will sue them and do what i have to do to make them put that AshkeNAZI Jewess cunt [BS] in a cell. Her address is [REDACTED] Her phone number is [REDACTED] everybody trash this Jew cunt!"

On January 25, 2020, BS was contacted by local law enforcement officers regarding Kane's online postings. BS stated that Kane's posts made her fearful for her personal safety and that of her immediate family. In response to Kane's posts, on January 27, 2020, BS and her sister petitioned for and obtained emergency protection orders in Clark County court against Kane and his girlfriend. On February 7, 2020, the court issued permanent protection orders, extending the terms of the protection orders for a period of one year.

All of the above-referenced internet posts travelled through interstate electronic communications networks from the State of Washington to another state.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of

sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

**8. Sentencing Factors.** The parties agree they are free to present arguments regarding the applicability of any and all provisions of the United States Sentencing Guidelines. Defendant understands that at the time of sentencing, the Court is free to apply any and all downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

**9. Acceptance of Responsibility.** The United States acknowledges that if Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG § 3E1.1(a), and if the offense level is sixteen (16) or greater, his total offense level should be decreased by three (3) levels pursuant to USSG § 3E1.1(a) and (b), because he has assisted the United States by timely notifying the authorities of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

**10. Agreed Sentence Pursuant to Rule 11(c)(1)(C).** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties acknowledge and agree that the appropriate sentence of imprisonment to be imposed by the Court is a term of time-served in custody as of the time of sentencing and up to a two-year term of supervised release. If the sentencing Court rejects the agreement of the parties regarding the appropriate sentence, both Defendant and the United States reserve the right to withdraw from this Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and to proceed to trial. No other agreement has been made regarding the imposition of the sentence in this matter, and the parties understand that the Court retains full discretion regarding the conditions of supervised release, fines, forfeiture, or restitution as may be applicable. Except as specified above, Defendant understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court.

**11. Restitution.** Defendant agrees that the Court can order Defendant to pay restitution to B.S., the victim of Defendant's crimes, and, in exchange for the agreements by the United States contained in this plea agreement, Defendant agrees that restitution in this case should not be limited to the offense of conviction. Defendant is aware that the United States will present evidence supporting an order of restitution for all losses caused by all of Defendant's criminal conduct known to the United States at the time of Defendant's guilty plea. In exchange for the promises by the United States contained in this plea agreement, Defendant agrees that Defendant will be responsible for any order by the District Court requiring the payment of restitution for such losses.

a. The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that the defendant is unable to make immediate restitution.

b. Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing

supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

        c.        The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

**12.** **Defendant's Motion for Release Pending Sentencing.** The government understands that, upon entry of the guilty plea, Defendant intends to move the Court for release from custody pending sentencing. The government agrees not to oppose Defendant's motion to be released from custody pending sentencing. Defendant understands that the recommendations of the parties regarding the issue of release are not binding on the Court, and that the Court may deny Defendant's motion for release pending sentencing. Defendant further understands that Defendant cannot withdraw the guilty plea simply because the Court denies his motion for release pending sentencing.

**13.** **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees to dismiss Counts 1 and 2 of the Indictment, and not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon

evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant. Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

**14.   Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted. Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of the conditions of release (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an

upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

15. **Waiver of Appeal.** As part of this Plea Agreement and on the condition that the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range that is determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

a. any right conferred by Title 18, United States Code, Section 3742 to appeal the sentence, including any restitution order imposed; and

b. any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

Furthermore, this waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding execution of sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

16. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

17. **Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea

Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

**18.    Completeness of Agreement.**  The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this \_\_3rd\_\_ day of \_\_\_May_____, 2021.

/s Mathias Douglas Kane (per approval)
_____
MATHIAS DOUGLAS KANE
Defendant

/s Nicholas Vitek
_____
NICHOLAS VITEK
Attorney for Defendant

/s Todd Greenberg
_____
TODD GREENBERG
Assistant United States Attorney